UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                              Plaintiff,      **No. 6:17-cv-06339(MAT)**
                                              **DECISION AND ORDER**

                    -vs-

COUNTY OF CHEMUNG; CITY OF ELMIRA;
JOHN DOE NUMBER ONE and JOHN DOE
NUMBER TWO, BEING individuals employed
by the City of Elmira, whose Actual
Names and Identities are Unknown at
this Time; JOHN DOE NUMBER THREE, JOHN
DOE NUMBER FOURT and JOHN DOE NUMBER
FIVE, being Individuals Employed as
Deputy Sheriffs by the County of
Chemung and Chemung County Sheriff's
Department, whose Actual Names and
Identities are Unknown at this Time,

                              Defendants.

_____

## I.  Introduction

     Proceeding *pro se*, plaintiff Christopher M. Murphy
("plaintiff") instituted this action by filing a complaint (Docket
No. 1) on June 6, 2017, alleging that he has "been singled out for
harsh, unfair, punitive, discriminatory and arbitrary treatment and
selective enforcement of the laws by" defendants. *Id*. at ¶ 16.
Before the Court is plaintiff's motion to proceed *in forma pauperis*
under 28 U.S.C. § 1915(a).  The Court finds that Plaintiff's
supporting affirmation sufficiently establishes his inability to
pay for the prosecution of his case.  Accordingly, Plaintiff's
motion for *in forma pauperis* status (Docket No. 2) is granted. The

Court has also reviewed the complaint as required by 28 U.S.C. § 1915(e)(2) ("Section 1915(e)(2)").  For the reasons set forth below, the Court finds that plaintiff's claims against the County of Chemung and City of Elmira are subject to dismissal.  Plaintiff shall have until August 14, 2017, to file an amended complaint.  In the event plaintiff elects not to file an amended complaint, the Court will issue a subsequent order directing service of the complaint against the individual defendants.

## II.   Screening of the Complaint under Section 1915(e)(2)

Under Section 1915(e)(2), the Court must conduct an initial screening of a *pro se* litigant's complaint and must dismiss if it is "frivolous or malicious"; "fails to state a claim upon which relief may be granted"; or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

### A.   Factual Background

Plaintiff alleges that at all times relevant to his complaint, he was a property owner in and resident of defendant the City of Elmira ("Elmira"), which is located within defendant the County of Chemung ("Chemung County").  According to plaintiff, from

approximately 2002 and thereafter, he has had "ongoing disagreements and disputes with various persons employed by the City of Elmira and, more particularly, various Code Enforcement officers employed by the City." Docket No. 1 at ¶ 12. In 2010, plaintiff filed a lawsuit in this Court (Case No. 6:10-cv-06075 (MAT)) regarding some of these disputes, which he subsequently voluntarily dismissed.

Plaintiff alleges that on or about March 16, 2012, Elmira "caused misdemeanor criminal charges to be filed against [him] in the Elmira City Court, pursuant to Executive Law § 382(2), alleging a number of residential code violations inside his home." Docket No. 1 at ¶ 17. Plaintiff contends that these criminal charges "represented a clear case of unlawful selective enforcement of the law - in violation of rights and protections guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." *Id*. at ¶ 19. According to plaintiff, all the charges against him were unconditionally dismissed by the presiding judge. *Id*. at ¶¶ 20-21.

In connection with the criminal charges against him, plaintiff states that he was arrested by Elmira police officers "[i]n the early morning hours of June 5, 2014." *Id*. at ¶ 22. A bench warrant had been issued after plaintiff failed to appear in court, which he contends was a result of his then-attorney having failed to notify him that his appearance was required. *Id*. Plaintiff

claims that he was arrested and taken before Elmira City Judge Steven Forrest, who "informed [plaintiff] that he would have to post Seven Hundred and Fifty ($750.00) Dollars bail in order to secure his release from custody." *Id.* at ¶¶ 23-24. Plaintiff alleges that his girlfriend, Barbara Camilli, was present at his appearance before Judge Forrest and immediately left the courtroom to obtain the funds necessary to post bail. *Id.* at ¶¶ 25-26.

Plaintiff alleges that he was taken to the Elmira police station and "locked handcuffed in a little room." *Id.* at ¶ 27. He contends that Ms. Camilli arrived with the money to post his bail in "no more than five minutes," but that defendants John Doe Number One and John Doe Number Two informed her that she could not post bail on plaintiff's behalf at the police station and that she would have to go to the Chemung County Jail in order to do so. *Id.* at ¶¶ 28-29. Plaintiff alleges that he remained handcuffed at the Elmira police station for the next 30 minutes and that John Doe Number One made a comment to him that he was "gonna get [his] picture taken," which plaintiff understood as referring to a letter he had previously sent to the Elmira police chief in which he contended there was no lawful authority for fingerprinting or photographing for a mugshot and individual charged with misdemeanor violations of Executive Law § 382(2). *Id.* at ¶¶ 31-35.

Plaintiff was subsequently transported to the Chemung County Jail. *Id.* at ¶ 36. Ms. Camilli had arrived before him and

-4-

immediately posted his bail in cash. *Id*. at ¶ 37. Plaintiff alleges that Ms. Camilli became "impatient and vocal" with the sheriff's deputies upon being informed that there would be a substantial delay in releasing plaintiff from custody despite his bail having been paid, and that this angered the sheriff's deputies. *Id*. at ¶ 39. Plaintiff claims to have overheard a conversation amongst the sheriff's deputies in which they acknowledged that plaintiff should be released because his bail had been paid, but that defendant John Doe Number Three, out of anger at Ms. Camilli, stated that plaintiff could "sit in his jail for a while," and locked plaintiff into a cell. *Id*. at ¶¶ 41-43. Plaintiff claims to have been confined for more than two hours, during which time he was fingerprinted, photographed, and "processed." *Id*. at ¶¶ 44-45. Plaintiff was strip-searched as part of the processing, and alleges that John Doe Number Three watched the strip-search and was "smirking visibly almost the entire time." *Id*. at ¶ 46. Plaintiff further alleges that, as John Doe Number Three was returning him to his cell after the strip search, he made a gesture to his colleagues which plaintiff understood to be a derogatory comment on the size of his genitals. *Id*. at ¶ 47. Plaintiff was subsequently released from custody. *Id*. at ¶ 48. Plaintiff is 70 years old, and states that he has no prior criminal record. *Id*. at ¶ 49.

Plaintiff's complaint contains two causes of action. The

first is asserted against Elmira and John Does Number One and Two, and alleges that they arbitrarily refused to accept the cash bail proffered by Ms. Camilli, in order to "harass, oppress or penalize" plaintiff, in derogation of his rights to due process, equal protection, and freedom from unlawful searches and seizures.  *Id*. at ¶¶ 54-66.  The second is asserted against Chemung County and John Does Numbers Three to Five, and alleges that they unlawfully and arbitrarily refused to release him from custody despite his bail having been paid, that their actions were "motivated by improper, punitive animus wholly unrelated to any possible law enforcement or security concerns or purposes," and that they thereby violated his rights to due process, equal protection, freedom from unlawful searches and seizures, and cruel and unusual punishment.  *Id*. at ¶¶ 67-84.

   **B.   Claims Against Municipal Defendants**

   Based on the facts set forth in the complaint, the Court finds that plaintiff's allegations against the individual defendants are sufficient to proceed at this time.  However, plaintiff has failed to state a claim against Elmira or Chemung County (collectively the "municipal defendants").

   In order to prevail on a claim against a municipality based on the allegedly unconstitutional acts of a public official, a plaintiff is required to prove the following: "(1) actions taken under color of law; (2) deprivation of a constitutional or

statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citation omitted). The "official policy" element "can only be satisfied where a plaintiff proves that a 'municipal *policy* of some nature caused a constitutional tort.'" *Id.* (quotation omitted; emphasis supplied).

Here, plaintiff has not alleged any facts supporting the conclusion that the individual defendants were acting pursuant to municipal policy.   To the contrary, he alleges that they maliciously singled him out for punishment.   Accordingly, he has failed to state a claim against the municipal defendants as pled in the initial complaint.

However, in recognition of his *pro se* status, the Court will permit plaintiff an opportunity to amend his complaint. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (court should not dismiss claims without affording *pro se* plaintiff who is proceeding *in forma pauperis* an opportunity to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").   If plaintiff wishes to proceed with his claims against the municipal defendants, he must file an amended complaint no later than August 14, 2017, setting forth sufficient allegations to state a claim for municipal liability.

In the event plaintiff fails to file an amended complaint containing additional allegations as to the municipal defendants on or before August 14, 2017, the Court will enter an order directing service of his complaint on the remaining individual defendants.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion for *in forma pauperis* status is granted, and Plaintiff's claims against the City of Elmira and the County of Chemung are dismissed without prejudice. Plaintiff shall be given until August 14, 2017, to file an amended complaint. In the event plaintiff fails to do so, the Court will enter an order directing service of his complaint on the remaining individual defendants.

**ALL OF THE ABOVE IS SO ORDERED.**

**s/ Michael A. Telesca**
_____
        HON. MICHAEL A. TELESCA
        United States District Judge

Dated:    July 13, 2017
          Rochester, New York.