UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**CHRISTOPHER MURPHY,**

                *Plaintiff*,

  -*vs*-

**ANDREW C. HUGHSON, FRANK B. HILLMAN, DANIEL HOWE, GLENN GUNDERMAN, WILLIAM WASHBURN, JOSEPH SPENCER, and DAVID STRONG,**

Civil No.: 6:17-CV-6339-MAT


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**

 

**BARCLAY DAMON LLP**
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Telephone: (585) 295-4426

*Attorneys for Defendants*
*Daniel Howe, Glenn Gunderman, William Washburn, Joseph Spencer, and David Strong*

**PAUL A. SANDERS**
**KAYLA A. ARIAS**
   *of Counsel*

- i -

## TABLE OF CONTENTS

                                                                                       **Page**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ..........................................................................................................1

ARGUMENT .................................................................................................................................2

CONCLUSION ............................................................................................................................4

## PRELIMINARY STATEMENT

Defendants Daniel Howe, Glenn Gunderman, William Washburn, Joseph Spencer, and David Strong (collectively "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Compel Plaintiff Christopher Murphy ("Plaintiff"), to respond to Defendants' discovery requests and to appear for a deposition.

The lawsuit against various officers from the County of Chemung and City of Elmira, is based on Plaintiff's theory that Chemung County Sheriff's Deputies should have taken his bail money sooner so that he was not booked in the Chemung County Jail and incarcerated for two hours, and they should not have conducted a strip at the Chemung County Jail (by the Defendants employed by Chemung County) which was allegedly unlawful.

Defendants served discovery demands in October and have noticed two depositions for Plaintiff. Despite Defendants' good faith attempts to receive responses and to set multiple depositions, to date, Plaintiff has failed to respond to Defendants' discovery demands or appear for two noticed depositions.

For these reasons, Defendants respectfully requests the Court granted their Motion for an Order (1) compelling Plaintiff to serve responses to Defendants' First Set of Interrogatories and First Requests for Production pursuant to Fed. R. Civ. P. 37(a); (2) compelling Plaintiff to appear for his party deposition on a date certain pursuant to Fed. R. Civ. P. 37(d); as well as such other and further relief as this Court may deem just and proper be granted.

## STATEMENT OF FACTS

Defendants refer the Court to the Declaration of Paul A. Sanders dated February 12, 2020 for a detailed background of the relevant procedural history of this case and motion.

19990694

- 2 -

## ARGUMENT

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. *See* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Parties have a duty to respond to discovery demands fully and completely. *See* Fed. R. Civ. P. 37(a)(4).

Fed. R. Civ. P. 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. *Travelers Indem. Co. v. Joseph Davis, Inc.*, No. 05CV870A, 2006 US Dist. LEXIS 82905, at *6-7 (W.D.N.Y. Nov. 14, 2006)

Additionally, where a notice of deposition affords a party a reasonable time to prepare for the examination, a party should appear. *See generally, Harris v. Jacobs Marsh, LLC*, No. 12CV356A, 2012 US Dist. LEXIS 145453, at *6-7 (W.D.N.Y. Oct. 9, 2012) (compelling Defendant to appear for deposition as Defendant's stated reason for failing to appear was Plaintiff had unilaterally selected a date and that Defendant was in between attorneys, was insufficient basis for failing to appear).

Finally, "Rule 33(b)(4) is unequivocal — absent a stipulation for an exclusion of time to respond or a judicial determination that the delay in response was excusable, objections are

waived." *Metzgar v. U.A. Plumbers & Steamfitters Local No. 22 Pension Fund*, No. 13-CV-85V(F), 2017 US Dist LEXIS 164701, at *7 (W.D.N.Y. Oct. 4, 2017).

Defendants now move the Court for an order compelling Plaintiff to respond to Defendants' First Set of Interrogatories to Plaintiff and First Request for Production of Documents, as well as to appear for his party deposition. Plaintiff has failed to respond to Defendants' discovery demands and any objections have been waived based on Plaintiff's failure to respond. Sanders Declaration, ¶¶ 9-18. Plaintiff's discovery responses are months overdue, and the deadline to complete discovery is at hand. *Id*. Plaintiff has ignored our efforts to meet and confer and has not provided a reason for withholding discovery responses. *Id*. Plaintiff has also cancelled his party deposition twice without explanation (and on very short notice). *Id*. The documents, information and testimony sought by Defendants are directly related to Plaintiff's allegations and are critical to Defendants' defense.

Defendants made numerous attempts to communicate with Plaintiff in an attempt to remedy the discovery issues, as fully discussed in the Declaration of Paul A. Sanders and in the attached exhibits, pursuant to Rule 7(d)(3) of the Local Rules of Civil Procedure of the Western District of New York. Sanders Declaration, ¶ 17.

Defendants have been prejudiced by Plaintiff's actions and inaction, and Plaintiff's continuing violation of FRCP 26 and 34 has forced Defendants to file the instant Motion to Compel Discovery to obtain necessary discovery that should have been produced in the usual course and to compel his deposition.

Defendants have made a good faith effort to obtain such discovery without court action, and Plaintiff lacks any justification for failing to comply with FRCP 37. As such, the Court should

- 3 -

19990694

grant Defendants their reasonable expenses and attorney's fees incurred in making the instant motion

## CONCLUSION

For the reasons set forth above, Defendants respectfully requests that this Court grant an Order: (1) compelling Plaintiff to serve responses to Defendants' First Set of Interrogatories and First Requests for Production pursuant to Fed. R. Civ. P. 37(a); (2) compelling Plaintiff to appear for his party deposition on a date certain pursuant to Fed. R. Civ. P. 37(d); as well as such other and further relief as this Court may deem just and proper.

**DATED: February 12, 2020**   BARCLAY DAMON LLP


By:   s/ Paul A. Sanders
        Paul A. Sanders
        Kayla A. Arias

*Attorneys for Defendants*
*Daniel Howe, Glenn Gunderman, William Washburn, Joseph Spencer, and David Strong*
Office and Post Office Address
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Telephone: (585) 295-4426
Email: psanders@barclaydamon.com

- 4 -