UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                         Plaintiff,

     v.

ANDREW C. HUGHSON, et al.,

                         Defendants.
_____

DECISION & ORDER

17-CV-6339G

Pending before this Court is a motion filed by certain of the named defendants for an order compelling plaintiff to respond to discovery requests and to appear for his deposition.[1] (Docket # 40). Plaintiff opposes the motion. (Docket # 49). For the reasons explained below, defendants' motion is granted.

The facts relevant to the pending motion are the following. Pursuant to the district court's order dated September 25, 2017 (Docket # 5), plaintiff Christopher Murphy, acting *pro se*, filed an amended complaint asserting claims under 42 U.S.C. § 1983 against two police officers employed by the City of Elmira (the "City defendants") and five deputy sheriffs employed by the County of Chemung (the "County defendants") (Docket # 7). The claims arise from events related to plaintiff's arrest on June 5, 2014 and detention for several hours thereafter. (*Id.*).

This Court held a scheduling conference with plaintiff and counsel for the defendants on July 18, 2018. (Docket # 21). Pursuant to Rules 16 and 26 of the Federal Rules of

---

[1] Defendants Andrew Hughson and Frank Hillman, who are represented by separate counsel, have not taken a position on the motion.

Civil Procedure, the Court worked with the parties to establish agreed-upon deadlines to advance the case, and a scheduling order reflecting those deadlines was issued that same day. (Docket # 19). In amended scheduling orders dated February 15, 2019 and June 26, 2019, those deadlines were subsequently extended at the request of the parties. (Docket ## 30, 35). Relevant to this motion, the deadline for completion of fact discovery was extended until October 21, 2019. (Docket # 35).

On October 25, 2019, counsel for the City defendants sent a letter to this Court requesting an extension of the fact discovery deadline until February 17, 2020. (Docket # 52-1). The letter stated that counsel for the County defendants joined in the request, and was silent as to whether counsel had attempted to determine plaintiff's position. (*Id.*). In response to the letter, this Court directed counsel to contact plaintiff to ascertain his position on the request.

Before providing the Court with a response regarding plaintiff's position, the County defendants served their First Set of Interrogatories and First Request for Production of Documents, as well as a Notice of Deposition providing December 10, 2019 as the date for plaintiff's deposition. (Docket ## 40-1 at ¶ 9; 40-2). Although defendants' motion papers aver that the requests were served on October 23, 2019, the requests themselves make clear that they were served by mail five days later, on October 28, 2019. (Docket # 40-2). In other words, the County defendants served their discovery requests after the court-ordered deadline for discovery had passed and before the Court had decided whether to grant their request for a further extension.

On November 1, 2019, counsel for the City defendants advised this Court by letter that he had attempted unsuccessfully to reach plaintiff to determine his position on the requested extension. (Docket # 52-2). On November 5, 2019, noting that it had received no

objection to the requested extension from plaintiff, this Court issued another amended scheduling order which again extended the deadline for completion of fact discovery, this time until February 18, 2020. (Docket # 38). The deadline for filing motions to compel was extended to thirty days prior to the discovery deadline. (*Id.*).

On December 3, 2019, counsel for the County defendants sent a letter to plaintiff requesting responses to their October discovery demands and inquiring whether plaintiff intended to appear for his December 10 deposition or wished to reschedule. (Docket ## 40-1 at ¶ 11; 40-3). Plaintiff did not provide discovery responses; on December 9, the day before his noticed deposition, his girlfriend telephoned counsel and advised that plaintiff was unable to appear for the deposition. (Docket # 40-1 at ¶¶ 11-13). On December 23, 2019, counsel for the County defendants served an amended Notice of Deposition for January 17, 2020 and again requested responses to the discovery requests. (Docket ## 40-1 at ¶ 13; 40-4). On January 16, 2020, plaintiff faxed a one-sentence letter to counsel stating, "I will not be attending the deposition that you scheduled for this Friday, January 17th, 2020." (Docket ## 40-1 at ¶ 15; 40-5). On February 12, 2020, the County defendants filed this motion to compel plaintiff to respond to the October discovery requests and to appear for his deposition. (Docket # 40).

Plaintiff opposes the pending motion to compel. (Docket # 49). As an initial matter, he notes that the motion to compel was filed after the motion to compel deadline in the then-applicable scheduling order. (*Id.* at 3). With respect to the October discovery requests, he maintains that they are legal "nullities" because they were served after the discovery deadline (and before it was extended), thus relieving him of the obligation to serve written responses, including objections. (*Id.* at 2-12). As a matter of fact, he appears to dispute counsel's representation that counsel made several telephone calls to try to discuss the outstanding requests

3

with him, although he does not dispute receiving the December 3rd and December 23rd letters. (*Id.* at 18-28). With respect to the amended Notice of Deposition, he concedes that the Notice was "valid" and that he is "remiss for not either complying with it or otherwise timely responding to it in some appropriate fashion." (*Id.* at 12). He nonetheless objects to the noticed examination on the grounds that he provided testimony in a separate examination pursuant to New York General Municipal Law Section 50-h. (*Id.* at 12-17). He also indicates his intention to file a cross-motion for a protective order on that basis (*id.* at 41-42), but he has not done so in the months since his opposition was filed.

In the period between the filing of the motion and plaintiff's opposition, defendants again sought an extension of the discovery deadline. (Docket # 43). Plaintiff advised this Court's chambers that he did not oppose the requested extension, and this Court extended the fact discovery completion deadline until June 17, 2020 and the motion to compel deadline until May 18, 2020. (Docket # 44).

On the record before the Court, I find that the County defendants are entitled to obtain answers to their outstanding discovery requests and plaintiff's deposition testimony. With respect to the latter, plaintiff concedes that the amended Notice was validly served and that he was obligated to appear or object to it in some appropriate manner. He did neither, choosing instead to send a one-sentence fax the day before the scheduled deposition informing counsel that he would be not attending. Although counsel had attempted to confirm his intent to comply, he ignored those attempts without justification, causing defendants' counsel to prepare for a deposition he evidently never intended to attend. Neither the Federal Rules of Civil Procedure nor any other applicable caselaw permits a party to deliberately disregard a properly-served deposition notice. *See Hitzig v. Hubbard*, 2011 WL 5417117, *2 (D. Vt. 2011) ("[*pro se*]

4

[p]laintiff has an obligation to appear for a properly noticed deposition or face sanctions[;] . . . [p]laintiff is warned that if she continues to disregard deposition notices, her action may be dismissed as a sanction"). His Section 50-h examination testimony is not a substitute for his testimony in this action, *see Rodriguez v. City of New York*, 2004 WL 1277973, *1 (S.D.N.Y. 2004) ("[p]laintiffs then sought unsuccessfully to block their depositions on the ground that the City had conducted Gen. Mun. L. § 50-h examinations prior to the commencement of the action"); *see also Carmody v. Vill. of Rockville Ctr.*, 2007 WL 2177064, *3 (E.D.N.Y. 2007) (time spent giving testimony during Section 50-h hearing, where questioning "focused exclusively on plaintiff's potential state law claims," given "minimal, if any, consideration" when "determining whether additional time to depose plaintiff is warranted"); even if a basis existed upon which to argue that it were, plaintiff failed to object to the deposition or to file a motion for a protective order on that basis (notwithstanding his proffered intent to do so). Here, where plaintiff did not disclose his intent not to appear until the day before the deposition, and offered no reason or justification for his non-attendance at that time, the reasonable delay by defendants in filing the subsequent motion to compel is properly attributable to plaintiff's dilatory and deliberate conduct and is excused by good cause.

    With respect to the October discovery requests, they must be answered. Had plaintiff objected to them as untimely when they were served – either in formal responses or in reply to defendants' good faith inquiries – defendants could have addressed that objection. They could have chosen to serve new requests, which would have been timely under the extended discovery deadline, or moved at that time for an order from the Court. Instead, they were left guessing as to whether plaintiff intended to respond but needed more time or deliberately planned to ignore the requests. They attempted to confer with plaintiff to find out, but plaintiff

5

ignored their conferral attempts.  When plaintiff finally communicated his intent not to appear for his deposition, his deliberate decision not to cooperate became clear.  His strategy to avoid and evade should not be rewarded, and he should be required to answer the discovery requests. *See*, *e.g.*, *Nemec v. Shrader*, 2015 WL 1650391, *3 (S.D.N.Y. 2015) ("[t]here is, in addition, a problem of incentives; [w]ere the [c]ourt to grant the plaintiffs' motion, it in effect would encourage parties to stay silent as to some discovery disputes during pretrial proceedings, and thus to lie in wait until long after discovery is complete only to ambush their unsuspecting adversaries with charges of wrongdoing[;] . . . [i]t would be counterproductive to permit this in circumstances in which any alleged discovery problem could and should have been addressed long ago").

For the foregoing reasons, defendants' motion **(Docket # 40)** is **GRANTED**. Plaintiff is hereby directed to serve answers to Defendants' First Set of Interrogatories and to respond to Defendants' First Request for Production of Documents by no later than **October 2, 2020**.  Plaintiff is further directed to appear for a deposition on **October 16, 2020**, at **10:00 a.m.** Counsel for defendants is directed to confer with plaintiff to discuss the arrangements for the deposition, including whether it will take place in person, by video or by telephone.  The parties are directed to send a letter to this Court by **October 1, 2020** confirming those agreed-upon arrangements.

**Plaintiff is cautioned that failure to appear for his deposition on October 16, 2020 or to respond to defendants' interrogatories or documents requests by October 2,**

**2020 may result in the imposition of sanctions, including but not limited to an order dismissing this action.**

**IT IS SO ORDERED.**

                                    *s/Marian W. Payson*
                                  MARIAN W. PAYSON
                                  United States Magistrate Judge

Dated: Rochester, New York
        September 15, 2020