UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER M. MURPHY,

                                    Plaintiff,                    Case # 17-CV-6339-FPG

v.                                                                DECISION & ORDER

COUNTY OF CHEMUNG, et al.,

                                    Defendants.

## INTRODUCTION

*Pro se* Plaintiff Christopher M. Murphy has filed a motion seeking recusal under 28 U.S.C. § 455 and the Due Process Clause of the Fourteenth Amendment.[1]  ECF No. 130.  Plaintiff also seeks a sixty-day extension following the date of this Order to file his pretrial submissions and a sixty-day adjournment of the trial scheduled to begin on May 6, 2024. As explained below, Plaintiff's motion for recusal is DENIED.  Plaintiff's motion to adjourn the trial is DENIED. Plaintiff's request to extend the deadline to file his pretrial submissions is DENIED. The Pretrial Conference will proceed as scheduled on April 24, 2024. Jury selection will begin as scheduled on May 6, 2024 at 8:30 a.m.

## BACKGROUND

Plaintiff is the plaintiff in another case previously pending before this Court, Murphy v. City of Elmira, No. 18-cv-6572 (the "Elmira Case"). On February 1, 2024, Plaintiff filed a motion for recusal in the Elmira Case, which this Court denied on February 2, 2024. *See Murphy v. City of Elmira*, No. 18-CV-6572, 2024 WL 396275 (W.D.N.Y. Feb. 2, 2024). After rescheduling a jury trial in the Elmira Case twice, the Court scheduled jury selection to begin on February 5, 2024 at 8:30 a.m. *Murphy v. City of Elmira*, No. 18-CV-6572, 2024 WL 477568, at *1 (W.D.N.Y. Feb. 7,

---

[1] As explained below, the Court analyzes Plaintiff's due process claim under the Due Process Clause of the Fifth Amendment.

2024). On February 5, 2024, defendants, their counsel, and prospective jurors appeared. *Id.* Plaintiff did not. *Id.* The Court then granted the defendants' subsequent motion to dismiss the Elmira Case for failure to prosecute under Federal Rule of Civil Procedure 41(b) because of Plaintiff's failure to appear. *Id.* at *4.

On November 9, 2021, this Court granted Defendants' motions for summary judgment in this case. ECF No. 102. On October 12, 2023, the Second Circuit vacated and remanded this Court's decision with respect to Defendant Washburn ("Defendant"). ECF No. 107. At the status conference held on January 24, 2024, Plaintiff suggested that a settlement in this case might be possible. ECF No. 121. The Court, therefore, encouraged the parties to discuss settlement, but also set a trial date of May 6, 2024. ECF No. 120. The Court then issued a pretrial order ("Pretrial Order"), pursuant to which the parties were ordered to file pretrial submissions with the Court by April 10, 2024 in advance of a pretrial conference scheduled for April 24, 2024. *Id.* On April 3, 2024, Defendant filed a letter with the Court requesting that a settlement conference be scheduled because Plaintiff was not responding to requests to discuss possible settlement. ECF No. 122. Plaintiff responded to Defendant's letter acknowledging that Defendant attempted to communicate with him, but not explaining his failure to respond. ECF No. 123. The Court, therefore, scheduled a settlement conference for May 2, 2024. ECF No. 124. On April 10, 2024, Defendant filed his pretrial submissions. ECF Nos. 125-29. Plaintiff did not file his pretrial submissions, instead, he filed the present motion for recusal. ECF No. 130.

## LEGAL STANDARD

### I.      28 U.S.C. 455

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned."  "This provision governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown."  *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 434 F.3d 120, 127 (2d Cir. 2003) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  That is, it "deals exclusively with appearances.  Its purpose is the protection of the public's confidence in the impartiality of the judiciary."  *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008).  In assessing whether recusal is required under § 455(a), a court must determine whether "an objective, disinterested observer[,] fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal."  *Id.*  The reach of § 455(a) "is commonly limited to those circumstances in which the alleged partiality 'stem[s] from an extrajudicial source.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 544 (1994)).  However, an extrajudicial source is neither a necessary nor sufficient condition for recusal under § 455(a).  *See Liteky*, 510 U.S. at 554.

Unlike § 455(a), which addresses the *appearance* of partiality, §455(b) "addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000).  Section 445(b)(1) requires recusal where the judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  An affidavit in support of a motion pursuant to § 445(b)(1) requires a "factual demonstration of bias, not simply the appearance of impropriety."

Whether to recuse is, in the first instance, committed to the sound discretion of the judge whose recusal is sought.  *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1998).

## II.    Due Process

"A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133 (1955). "The constitutional fair trial requirement is indeed a 'stringent rule,' and will bar trial when the appearance of justice is not satisfied as well as in instances of actual bias." *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 932 n. 11 (2d Cir. 1980). This right is independent from the rights conferred by 28 U.S.C. § 455, and "may well force recusal in instances where the statutes are not technically applicable." *Id.* (citing *United States v. Sciuto*, 531 F.2d 842, 845 (7th Cir. 1976); *United States v. Conforte*, 457 F. Supp. 641, 659 (D. Nev. 1978)).

However, the recusal statutes were enacted to protect Fifth Amendment guarantees, and it would therefore be "anomalous to hold that a claim under the statutes insufficient on its merits could nevertheless satisfy the constitutional standard." *Residents & Families United to Save Our Adult Homes v. Zucker*, No. 16-CV-1683, 2017 WL 5641043, at *3(E.D.N.Y. Nov. 22, 2017) (citing *United States v. Int'l Bus. Machs. Corp.*, 857 F. Supp. 1089, 1097 (S.D.N.Y. 1994). Accordingly, where a movant's claim under § 455 fails and does not mandate recusal, recusal is likewise unwarranted under the Due Process Clause. *See id.* (citing *In re Int'l Bus. Machs. Corp.*, 618 F.2d at 932 n.11).

## DISCUSSION

### I.     Timeliness

While § 455 does not contain an express timeliness requirement, the Second Circuit has construed § 455 to require a timely application. *See Apple*, 829 F.2d at 333. "[I]n considering the question of timeliness, the actual time elapsed between the events giving rise to the charge of bias or prejudice and the making of the motion is not necessarily dispositive." *Id.* at 333-34. In considering this "threshold issue," the court must examine "[a] number of other factors," including whether "(1) the movant has participated in a substantial manner in trial or pre-trial proceedings;

(2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *Id.* (internal citations omitted).

Analysis of the first factor is straightforward, as Plaintiff has been a "full participant in this litigation." *United States v. Brinkworth*, 68 F.3d 633, 639 (2d Cir. 1995). Plaintiff has filed his own motions in this case. ECF Nos. 83, 85-93, 95-97. He successfully appealed this Court's summary judgment decision, and filed motions of his own on appeal. *See generally Murphy v. Hughson*, 82 F.4th 177, 185 (2d Cir. 2023). Moreover, his submissions have been extensive, *see e.g.*, ECF No. 75 (opposition to summary judgment numbering over one hundred pages); and ECF Nos. 89-93 (motion for extended discovery numbering over five hundred pages).

As for the second factor, Plaintiff does not acknowledge that his motion for recusal would waste judicial resources and, therefore, does not marshal any arguments to the contrary. Rather, Plaintiff, merely states that this "case is not time-sensitive" and that Defendant will not be prejudiced as a result of delay. ECF No. 130-1 at 13. These factors are irrelevant for this purpose. Plaintiff filed his motion on the day that his pretrial submissions were due and less than one month before trial is scheduled to begin. Although, on remand, this is a relatively simple single plaintiff-single defendant case, granting this motion would nevertheless require the newly assigned judge to delay the trial further, as that judge would need to become familiar with the facts of the case, the parties, the evidence to be offered by both parties, and in general, the voluminous record in this case. As Plaintiff notes, "this case has already been pending for seven (7) years," *id.*, therefore, further delaying trial would cause "substantial delays and [a] consequent waste of judicial resources." *Brinkworth*, 68 F.3d at 639.

The third factor weighs in favor of a finding of timeliness, as no judgment has been entered in this case.

As to the fourth factor, Plaintiff states that dismissing the Elmira Case was "was decisive in [his decision] to make the recusal motion." ECF No. 130-1 at 8. The Elmira Case was dismissed on February 7, 2024, over two months before Plaintiff filed this motion. The Court notes that delays of less than two weeks have been considered untimely. *See In re Martin–Trigona*, 573 F. Supp. 1237, 1244-45 (D. Conn. 1983) (motion untimely when filed twelve days after hearing giving rise to purported basis for disqualification), *appeal dismissed*, 770 F.2d 157 (2d Cir. 1985), *cert. denied*, 475 U.S. 1058 (1986). Plaintiff blames his age and health conditions for delay. ECF No. 130-1 at 8. However, there is nothing about his age or health that is different today than at the moment he decided to bring suit, and at no point has his age or health impeded Plaintiff's ability to file voluminous motions in his several cases pending before the Court. Therefore, the Court does not find good cause for delay.

Although judgment has not been entered, Plaintiff's extensive participation in the litigation, the lack of good cause for his delay, and the fact that he filed this motion less than one month before a jury trial is scheduled to begin weigh against finding that his recusal motion is timely. Nevertheless, because recusal "'strikes at the integrity of the judicial process,' concern for that integrity recommends that [the Court] press on to matters of substance." *United States v. El-Gabrowny*, 844 F. Supp. 955, 959 (S.D.N.Y. 1994).

## II. Grounds for Recusal

Plaintiff asserts four grounds for disqualification which can be grouped into two broad categories: (1) case management decisions; and (2) written judicial decisions. The Court considers each ground below.

### a.  Case Management

Plaintiff takes issue with the Court's decision to schedule a settlement conference on May 2, 2024, which is four days before the jury trial is set to begin. ECF No. 130-1 at 10. Plaintiff argues that this suggests that the Court is willing to cancel a trial four days before it is set to begin, which is incongruent with this Court's decision not to cancel the trial in the Elmira Case. The Court disagrees.

As an initial matter, at the January 24, 2024 status conference, Plaintiff himself suggested holding a settlement conference. ECF No. 121. Since "it is axiomatic that the law encourages settlement of disputes," the Court encouraged the parties to discuss a possible settlement among themselves prior to trial while still holding time for a trial on its calendar. *Bano v. Union Carbide Corp.*, 273 F.3d 120, 129 (2d Cir. 2001). However, more relevantly, "[j]udicial case management is left to the discretion of the trial court and does not provide a basis for recusal." *Farkas v. Ellis*, 768 F. Supp. 476, 479 n.6 (S.D.N.Y. 1991) (citing *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980), *cert denied*, 450 U.S. 999 (1981)). The Court's decision to set a settlement conference prior to trial is within the Court's discretion as a matter of judicial case management and does not, therefore, provide a basis for recusal.  *See id.*

Plaintiff's conclusory allegations that this judicial act demonstrates actual bias or establishes the appearance of bias fall short of what is required to demonstrate that recusal is warranted under 28 U.S.C. § 455. *See Giladi v. Strauch*, 1996 WL 18840, at * (S.D.N.Y. Jan. 18, 1996) (denying disqualification motion where plaintiff offered only conclusory assertions that judicial acts and statements could only be explained by personal bias).

### b.  Written Judicial Decisions

Plaintiff also argues that three written decisions of this Court warrant disqualification: (1) denial of his motion for recusal in the Elmira Case; (2) the dismissal of the Elmira Case with prejudice; and (3) the summary judgment order in this case (the "Summary Judgment Order").

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007); *see also Liteky*, 510 U.S. at 555. Accordingly, where the grounds for disqualification "are comprised of 'judicial rulings [and] routine trial administration efforts,' [it] is not warranted absent proof that those rulings either rely upon knowledge acquired outside such proceedings or 'display deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Walker v. Cuomo*, No. 17-CV-650, 2018 WL 6380369, at *1 (N.D.N.Y. Dec. 6, 2018) (quoting *Liteky*, 510 U.S. at 556).

Plaintiff has failed to demonstrate that any of the three rulings with which he takes issue demonstrate that kind of favoritism or antagonism on the part of the Court. Each of the three rulings "occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *United States v. Diaz*, 176 F.3d 52, 112 (2d Cir. 1999).

With respect to dismissal of the Elmira Case, he baldly asserts, with no factual support that this Court's ruling "made clear to [him] that I could not get a fair and impartial hearing, ruling or trial." ECF No. 130-1 at 8. He provides no factual support for this assertion, however, relying entirely on his disagreement with the Court's legal conclusions. "That [disagreement] alone does not constitute a valid basis for a bias or partiality motion." *Walker*, 2018 WL 6380369, at *1; *see also United States v. Colon*, 961 F. 2d 41, 44 (2d Cir. 1992) (stating that without more, earlier adverse rulings do not provide a reasonable basis for questioning a judge's impartiality).

As for the Summary Judgment Order, he asserts that it is "is further and additional evidence of his bias against me personally." ECF No. 130-1 at 4. Again, Plaintiff marshals no factual support for the conclusion that the Summary Judgment Order either demonstrates actual bias or partiality or creates the appearance of partiality.  Instead, he merely disapproves of the Court's conclusion, which was grounded in the application of legal principles to the facts before it.  That is insufficient to warrant disqualification. *See Walker*, 2018 WL 6380369, at *1; *Colon*, 961 F. 2d at 44.

Plaintiff likewise takes issue with the Court's order denying his motion to recuse in the Elmira Case.  Here too, Plaintiff attempts to transform his legal argument that this decision was incorrect into factual support for his assertions of bias and partiality. *See e.g.*, ECF No. 130-1 at 3 (asserting that the court "fail[ed] to consider or address the peculiar facts of this particular case."). Although the Court's denial of the motion was adverse to Plaintiff, he has not provided proof that this ruling either relied upon knowledge acquired outside of these proceedings or displayed "deep-seated favoritism or antagonism that would make fair judgment impossible." *Walker*, 2018 WL 6380369, at *1.  He simply disagrees with the Court's decision.  That is not a proper basis for recusal. *See Litkey*, 510 U.S. at 555.

### c.  Conclusion

Plaintiff has failed to demonstrate that any of his asserted grounds for recusal would cause "an objective, disinterested observer[,] fully informed of the underlying facts, [to] entertain significant doubt that justice would be done absent recusal," as required to warrant recusal under 28 U.S.C. § 455(a).  He has also failed to demonstrate the existence of personal bias or prejudice toward him as required to warrant recusal under 28 U.S.C. § 455(b).  Finally, because his motion under the statutory recusal provisions fails, recusal is likewise unwarranted under the Due Process Clause.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for recusal, ECF No. 130, is DENIED. Plaintiff's request for an extension to file his pretrial submissions is DENIED. The Pretrial Conference will proceed as scheduled on April 24, 2024. Plaintiff's request to adjourn the trial is DENIED. Jury selection will begin as scheduled on May 6, 2024 at 8:30 a.m.

IT IS SO ORDERED.


Dated: April 12, 2024
      Rochester, New York

                                         HON. FRANK P. GERACI, JR.
                                         United States District Judge
                                         Western District of New York