UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER M. MURPHY,

                Plaintiff,             Case # 17-CV-6339-FPG

v.                                 ORDER TO SHOW CAUSE

WILLIAM WASHBURN,

                Defendant.

On January 25, 2024, the Court issued a Pretrial Order which scheduled a pretrial conference for April 24, 2024 and set a trial date of May 6, 2024.  ECF No. 120.  Plaintiff failed to comply with that Order and does not offer any excuse for that failure. Rather, Plaintiff filed a motion to recuse, arguing that this Court is biased against him because of unfavorable rulings in a different case previously pending before this Court. ECF No. 130. In a separate Order, this Court denied that motion. ECF No. 131.

"It is axiomatic that a party to an action pending in a federal district court, whether a plaintiff or defendant, is required to comply with legitimate court directives." *Roach v. T.L. Cannon Corp.*, No. 10–CV–0591, 2012 WL 2178924, at *3 (N.D.N.Y. 2012).  And, although Plaintiff, as a *pro se* litigant, should be "granted special leniency regarding procedural matters," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F. 3d 206, 209 (2d Cir. 2001), he nevertheless "[has] an obligation to comply with court orders." *Milhouse v. City of New York*, No. 22-CV-2934, 2023 WL 5487921, at *3 (S.D.N.Y. Aug. 1, 2023).

Under Federal Rule of Civil Procedure 16(f), a court may, on its own motion, "issue any just orders" if a party "fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).  Rule 16(f)(1)(C) incorporates the sanctions available under Rule 37(b)(2)(A)(ii)-(vii), which include (i) "prohibiting the disobedient party from supporting designated claims..., or from introducing designated matters in evidence"; (ii) "striking the party's pleadings in whole or in

part"; (iii) "staying further proceedings until the order is obeyed"; (iv) "dismissing the action or proceeding in whole or in part"; (v) "rendering a default judgment against the disobedient party"; or (vi) "treating as contempt of court the failure to obey" the order. Fed. R. Civ. P. 37(a)(2)(A)(ii)-(vii); *see* Fed. R. Civ. P. 16(f)(1)(C) ("[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party . . . fails to obey a . . . pretrial order.").

This case has been pending for seven years, due, in large part, to Plaintiff's "dilatory and deliberate" strategy to "avoid and evade" proper civil procedures. ECF No. 55 at 5-6. On December 6, 2018, Plaintiff failed to appear for a court-ordered mediation session. ECF No. 26. On November 5, 2019, the Court issued an amended scheduling order ("November Scheduling Order") that required the completion of discovery by February 18, 2020. ECF No. 38. To comply with the November Scheduling Order, Defendants issued a discovery request and a notice of deposition for December 10, 2019. ECF No. 40-1 ¶ 9. Plaintiff did not appear for the scheduled deposition. *Id.* ¶12. On December 23, 2019, Defendants sent renewed requests for discovery and rescheduled Plaintiff's deposition for January 17, 2020. *Id.* ¶ 13. Plaintiff refused to appear for the rescheduled deposition and continued to ignore the other discovery requests. *Id.* ¶ 14-15. Because Defendants anticipated their inability to complete discovery by the deadline issued in the November Scheduling Order, due to Plaintiff's manifest resistance to cooperate, on February 12, 2020, Defendants filed a motion to compel, ECF No. 40, as well as a request to issue another amended scheduling order on February 18, 2020, ECF No. 43. The Court set a deadline to respond to the motion to compel by March 6, 2020. ECF No. 41. On the eve of the deadline, March 5, 2020, Plaintiff requested that the deadline be extended to March 11, 2020, which the Court granted. ECF No. 45. After reviewing the record, the Court determined that Defendants were entitled to a response to their discovery requests and to have Plaintiff appear at a deposition, which was

determined to have been properly noticed. ECF No. 55. The Court ordered Plaintiff to respond by

October 2, 2020 and to appear for his deposition on October 16, 2020 at 10:00am. *Id.* Throughout

this entire time, Plaintiff never issued his own requests for discovery. Rather, he waited until after

the discovery deadline to begin issuing requests to Defendants, resulting in an additional months-

long delay of dispositive motion practice. ECF No. 65. Motions for summary judgment were filed

on July 8, 2021. ECF Nos. 66-67. The Court set a response deadline of July 30, 2021. ECF No.

68. On the date of the deadline, Plaintiff requested an extension, which the Court granted through

August 30, 2021. ECF No. 71. After Defendants replied and Plaintiff sur-replied, Plaintiff moved

to re-open discovery in October 2021. ECF Nos. 89-93. The Court denied Plaintiff's motion to re-

open discovery and granted summary judgment in favor of Defendants. ECF No. 102. After a

successful appeal of the summary judgment order, Plaintiff renewed his request for more discovery

on December 6, 2023. ECF No. 113. On January 16, 2024, The Court determined that Plaintiff

lacked good cause, was not diligent in his pursuit of discovery and also did not make a specific

showing of exactly what evidence he sought. ECF No. 117. On January 24, 2024, the Court held

a status conference where Plaintiff suggested that a settlement in this case might be possible. ECF

No. 121. The Court, therefore, encouraged the parties to discuss settlement, but also set a trial date

of May 6, 2024. ECF No. 120. The Court also issued the pretrial order on January 25, 2024. ECF

No. 120. On April 3, 2024, Defendant filed a letter with the Court requesting that a settlement

conference be scheduled because Plaintiff was not responding to requests to discuss possible

settlement. ECF No. 122. Plaintiff responded to Defendant's letter acknowledging that Defendant

attempted to communicate with him, but not explaining his failure to respond. ECF No. 123. A

settlement conference was scheduled for May 2, 2024, to proceed in parallel with trial preparations.

As the foregoing description of the procedural record in this case demonstrates, Plaintiff as

consistently and deliberately obstructed the smooth procedure of his own litigation wasting Defendants' time and the Court's resources. And now, the deadline for filing his pretrial submissions pursuant to the Pretrial Order has come and gone, and Plaintiff, again, has failed to comply with the Court's order.

The Court therefore orders Plaintiff to respond in writing by April 18, 2024 and show cause as to why the Court should not impose sanctions pursuant to Rule 16(f) for failing to comply with the Court's pretrial orders. The Court further warns Plaintiff that failure to comply with this Order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:  April 12, 2023
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York