UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                        Plaintiff,                  Case # 17-CV-6339-FPG

v.                                                                           ORDER

WILLIAM WASHBURN,

                        Defendant.
_____

       On April 12, 2024, the Court issued an order to show cause (ECF No. 132) as to why the Court should not impose sanctions pursuant to Rule 16(f) for Plaintiff's failure to comply with the Court's pretrial order (the "Pretrial Order," ECF No. 120). Although the Court ordered Plaintiff to respond no later than April 18th, Plaintiff responded on April 19th instead. ECF No. 134. Plaintiff offers no excuses for missing the deadline, however, the Court notes that his late submission, even though slight, continues Plaintiff's pattern of filing after the deadlines set by this Court.

       Plaintiff says that his cause for failing to comply with the Pretrial Order is that he has "neither the knowledge nor experience sufficient to be at all comfortable or confident to attempt to address or deal with matters such as trial exhibits, witnesses, *voir dire* questions or proposed jury instructions." ECF No. 134 at 36-37. According to Plaintiff, "[he] would comply if the law required [him] to do that, but it doesn't." *Id.* Plaintiff is mistaken.

       The Pretrial Order is a legitimate order of the court and Plaintiff therefore "[has] an obligation to comply with" it. *Milhouse v. City of New York*, No. 22-CV-2934, 2023 WL 5487921, at *3 (S.D.N.Y. Aug. 1, 2023). Rather than comply, Plaintiff disregarded it and continues to disregard it in his response to the order to show cause. Because Plaintiff has failed to show cause, Plaintiff's conduct is sufficient to warrant sanctions under Rule 37(b)(2)(A)(ii)-(vii), which include (i) "prohibiting the disobedient party from supporting designated claims . . . , or from

1

introducing designated matters in evidence"; (ii) "striking the party's pleadings in whole or in part"; (iii) "staying further proceedings until the order is obeyed"; (iv) "dismissing the action or proceeding in whole or in part"; (v) "rendering a default judgment against the disobedient party"; or (vi) "treating as contempt of court the failure to obey" the order. Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

However, because Plaintiff is proceeding *pro se*, the Court will permit Plaintiff one final opportunity to submit his pretrial filings in compliance with the Pretrial Order. Plaintiff is ordered to submit his pretrial filings no later than April 24, 2024 at 2:00 PM. This is an order of the Court, and contrary to Plaintiff's belief, the law does indeed require him to comply. Plaintiff is warned that ongoing failure to comply with the Court's orders **will** result in sanctions. The pretrial conference is scheduled April 24, 2024 at 2:00 PM and trial begins on May 6, 2024 at 8:30AM. Plaintiff is ordered to appear in person for both.

IT IS SO ORDERED.

Dated: April 22, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York