UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                                    Plaintiff,                          DECISION AND ORDER

v.                                                                   Case # 17-CV-6339-FPG

WILLIAM WASHBURN,

                                    Defendant.
_____

## INTRODUCTION

Jury selection in this case was scheduled to begin at 8:30 a.m. on Monday, May 6, 2024. Plaintiff did not appear. For the reasons explained below, the Court dismisses this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

The Court assumes familiarity with the factual background and procedural history of this matter. On January 25, 2024, the Court issued a pretrial order (the "Pretrial Order"), setting the trial date for May 6, 2024 and a pretrial conference for April 24, 2024. ECF No. 120. The deadline for filing pretrial submissions was April 10, 2024. *Id.* On April 10, Defendant submitted his pretrial materials. ECF Nos. 125-29. Plaintiff did not. Rather, on April 11, Plaintiff filed a meritless motion to recuse, taking issue with this Court's prior orders and discretionary decisions to manage the Court's calendar. ECF No. 130. The Court denied the motion on April 12, ECF No. 131, which did not surprise Plaintiff because he said "[he] had no doubt that Judge Geraci would deny my motion." ECF No. 134 at 37.

Also on April 12, the Court issued an Order to Show Cause ("Show Cause Order") as to why it should not impose sanctions on Plaintiff under Rule 16(f) for failure to comply with the

1

Court's pretrial order. ECF No. 132. In the Show Cause Order, the Court advised Plaintiff that sanctions could include dismissal of the action. *Id.* Although the deadline to respond to the Show Cause Order was April 18, Plaintiff responded on April 19, continuing an ongoing pattern of filing just after the deadline the Court sets. ECF No. 134. Plaintiff's response to the Show Cause Order did not include any pretrial materials, nor did he offer any excuses for failing to comply in the first instance, other than a mistaken belief that the law did not require him to do so. *See* ECF No. 134 at 36-37 (stating that "I would comply if the law required me to do that, but it doesn't.").

In an order dated April 22, 2024, the Court notified Plaintiff that he failed to satisfy his burden of showing cause as to why sanctions should not be imposed and that his failure was sufficient to warrant sanctions. ECF No. 135. Nevertheless, considering Plaintiff's *pro se* status, the Court declined to impose sanctions at that time and extended Plaintiff's deadline to file his materials and stated that it would accept pretrial submissions from Plaintiff if they were filed on or before the time the pretrial conference was scheduled to take place on April 24, 2024 at 2:00 p.m.. ECF No. 135. The Court also advised Plaintiff that "ongoing failure to comply with the Court's orders **will** result in sanctions." *Id.* at 2 (emphasis in original).

On April 24, 2024, Plaintiff disobeyed the Court's order again by failing to file his pretrial materials. Plaintiff chose instead to file a second frivolous motion to recuse, re-articulating many of the same arguments raised in his first motion. ECF No. 136. However, this time, Plaintiff took his disobedience and confrontation with the Court to the next level by threatening not to appear for trial if the Court should deny his second motion to recuse, by stating:

> "As earlier noted, I will not appear at the pretrial/settlement conference Judge Geraci scheduled for April 24, 2024 at 2:00 P.M, in Rochester. Lest there be any question, I do not say that I will not appear for trial on May 6, 2024 – or that I plan

2

to appear or will appear for trial on that date. *I prefer to await Judge Geraci's ruling on my second motion for his recusal before making that decision.*"

ECF No. 136-1 at 25 (emphasis added). That same day the Court denied Plaintiff's second recusal motion citing the reasons articulated in the order denying the first recusal motion. ECF No. 138. The Court also denied any further extensions to file his pretrial motions and denied Plaintiff's request to adjourn the trial for 60 days in order to seek a writ of mandamus from the Second Circuit. *Id.*

On April 26, Plaintiff filed a letter stating, "in light of your denial of my second recusal motion . . . *I will definitely not appear for trial* at 8:30 A.M. on May 6, 2024." ECF No. 139 (emphasis added). Because the Court found the recusal motions to be without merit, and because Plaintiff did not articulate any other reason to delay trial, the Court did not adjourn the scheduled date for the trial and advised Plaintiff that "his willful failure to appear for trial may result in the dismissal of his case with prejudice." ECF No. 140.

At 7:38 a.m. on May 6, 2024, the morning of the trial, Plaintiff responded to the Court's notice that his failure to appear could result in dismissal of the action. ECF No. 141. At 8:30 a.m. Defendant appeared for trial. Defense counsel appeared for trial. Twenty-nine prospective jurors reported for service. Plaintiff did not appear. Defendant orally moved to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Court granted Defendants' motion and dismissed the case with prejudice.

## DISCUSSION

A defendant may move to dismiss an action or any claim against it if the plaintiff fails to prosecute his case. Fed. R. Civ. P 41(b). A failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."

3

*Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982); *see Jones v. City of Rochester*, No. 20-CV-545-FPG, 2022 WL 1668508, at *2 (W.D.N.Y. May 25, 2022). "[D]ismissal is a harsh remedy and is appropriate only in extreme situations," and "district courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Nevertheless, as explained below, the Court concludes that Plaintiff's repeated failures to comply with the Court's orders, his intentional pursuit of frivolous motions and his refusal to appear for trial warrant dismissal of his case.

## I. The *Drake* Factors

The Second Circuit has set out five factors that "limit a trial court's discretion" in determining whether dismissal for failure to prosecute is appropriate. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). When analyzing a motion to dismiss for failure to prosecute, the Court must consider the five "*Drake* factors"—that is, whether:

> (1) the plaintiff's failure to prosecute has caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Drake*, 375 F.3d at 254. "[N]o one factor is dispositive," and the Court should consider "the dismissal in light of the record as a whole." *Id.* (internal quotation marks omitted).

The first factor, whether plaintiff's failure to prosecute has caused a delay of significant duration weighs in favor of dismissal. In analyzing the first factor, a court considers "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of

4

significant duration." *Drake*, 375 F.3d at 255.  Courts have found that delays of three months or more weigh strongly in favor of dismissal. *See Greene v. City of New York*, No. 19-CV-873, 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting decisions dismissing for failure to prosecute following delays of "five months or less"), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020); *Kent v. Scamardella*, No. 07-CV-844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal" when it "functioned as a complete block to moving th[e] litigation forward").

On January 25, 2024, the Court scheduled a jury trial in this case for May 6, 2024.  *See* ECF No. 120.  Although the Court denied Plaintiff's repeated motions to adjourn the trial date, his failure to appear on May 6, 2024 would result in at least a five-month delay because the Court's trial calendar is currently booked until at least the end of September 2024.  *See Vance v. Engstrom*, No. 18-cv-748, 2022 WL 16949659, at *6 (N.D.N.Y. Nov. 15, 2022) (concluding first factor weighed in favor of dismissal where court's trial calendar was full until at least seven months after failure to appear).  Additionally, this case, being six years, seven months and 6 days old, is one of the oldest cases on the Court's calendar.  The Court therefore concludes that Plaintiff's conduct has caused a significant delay, and this factor therefore weighs in favor of dismissal.

The second factor also weighs in favor of dismissal, as Plaintiff has received adequate notice that his case may be dismissed should he fail to comply with the Court's orders.  "While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014).  Plaintiff has been warned that noncompliance with this Court's orders could result in sanctions,

5

including dismissal. *See e.g.*, ECF No. 132 (Order to Show Cause identifying dismissal as potential sanction for failure to comply with Court's Pretrial Order); ECF No. 135 (Order in notifying Plaintiff that he failed to show cause and that ongoing failure to comply with the Court's orders will result in sanctions, and that such sanctions could include dismissal); ECF No. 140 (text order advising Plaintiff that failure to appear for trial will result in dismissal). Plaintiff acknowledged that he was aware of this risk by responding to the Court's April 26 text order issued on the morning of the trial. ECF No. 141. He responded but did not appear. Therefore, although Plaintiff is proceeding *pro se*, the Court finds that this factor weighs in favor of dismissal because Plaintiff had notice that his failures to comply with the Court's orders could result in dismissal.

The third factor also weighs in favor of dismissal. Although prejudice resulting from unreasonable delay may be presumed as a matter of law, even absent such a presumption, Defendants have been prejudiced by preparing for a trial that did not go forward. *See Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (noting that defendants were prejudiced by time and money spent on trial preparation and further delays that would have likely resulted in witnesses being unavailable or in their diminished recollection of events at issue). Moreover, because this case "has been pending for" nearly seven years, "Defendants will be prejudiced by any further delay in these proceedings." *Wingate v. Burke*, No. 14-CV-4063, 2022 WL 3362164, at * 5 (E.D.N.Y. Apr. 18, 2022). This factor therefore weighs in favor of dismissal.

As to the fourth factor, balancing the need to alleviate court congestion against a plaintiff's right to an opportunity for a day in court, the Court first notes that "failing to appear for jury selection or trial weighs in favor of dismissal, even where a plaintiff otherwise does not 'significantly burden the Court.'" *Wingate*, 2022 WL 3362164, at *5. Moreover, this is not a case

6

where Plaintiff has simply silently failed to proceed in a timely fashion. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (noting this factor weighed against dismissal where plaintiff's failure to prosecute was "silent and unobtrusive rather than vexatious and burdensome"). For example, instead of complying with the Court's orders, Plaintiff directed his attention away from prosecuting the original case he filed against Defendant and focused instead on filing repeated, frivolous recusal motions because of what he perceived to be "a personal battle between Judge Geraci and me," because of his disagreement with this Court's judicial decisions. ECF No. 136-1 at 15. Moreover, Plaintiff even acknowledges that his recusal motions are frivolous by stating that he "had no doubt that Judge Geraci would deny my motion and refuse to recuse himself." ECF No. 134 at 37. Therefore, in light of Plaintiff's repeated failures to comply with this Court's orders, pursuit of frivolous, time-wasting motions, and his willful failure to appear for jury selection, this factor weighs in favor of dismissal.

Finally, the Court has considered the efficacy of lesser sanctions and concludes that no lesser sanction is appropriate under the circumstances. Because Plaintiff is proceeding *in forma pauperis*, a monetary sanction is unlikely to change his behavior. *Wingate*, 2022 WL 3362164, at *5. In fact, the Court has already expressed its willingness to impose lesser sanctions, *see* ECF No. 132, 135, but Plaintiff has continued to flout the Court's orders when the Court declined to impose them. Moreover, Plaintiff willfully failed to appear while knowing that such a failure would result in dismissal. *See* ECF No. 141. The Court therefore has no reason to believe that lesser sanctions would be effective in changing his behavior.

In sum, the Court has assessed the *Drake* factors and finds that all five weigh in favor of dismissal.

7

## II. Failure to Appear at Trial

Although the Court has concluded that the *Drake* factors weigh in favor of dismissal, the Court acknowledges that there are situations in which the *Drake* factors may not be "particularly helpful." *Lewis*, 564 F.3d at 577. A plaintiff's willful failure to appear for trial is one such situation. The Second Circuit has therefore recognized a "related, yet analytically distinct" grounds for dismissal under Rule 41(b), separate from the *Drake* factors, "under which 'it is beyond dispute . . . that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial.'" *Doe v. Winchester Bd. Of Educ.*, No. 10-CV-1179, 2017 WL 214176, at *11 (D. Conn. Jan. 18, 2017) (citing *Lewis*, 564 F.3d at 579-80).

Therefore, when the Court "is confronted with a plaintiff's unwillingness to proceed on the date scheduled for trial, as opposed to the more typical failure to comply with [his] discovery obligations on time, or to meet some other pre-trial deadline, it is not unreasonable to consider treating such unwillingness more severely." *Id.* In fact, where a plaintiff does not appear for trial, "Rule 41(b) dismissal is particularly appropriate. Indeed, such behavior constitutes the epitome of a 'failure to prosecute.'" *Frederick v. Murphy*, No. 10-CV-6527, 2018 WL 10247403, at *5 (W.D.N.Y. Apr. 16, 2018) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir. 1999)). Moreover, although dismissal with prejudice is "particularly appropriate" when a party fails to appear "after the jury ha[s] been drawn," *Lewis*, 564 F.3d at 581, it may also be appropriate where, as here, the party has failed to appear before the jury has been selected. *See e.g.*, *Frederick*, 2018

WL 10247403, at *7 (dismissing with prejudice where Plaintiff failed to proceed and jury had not yet been selected).

This analysis, like the *Drake* factors, supports the Court's decision to dismiss Plaintiff's case with prejudice. Despite Plaintiff's failures to comply with the Court's orders, the Court has attempted to accommodate his right to have his day in court. *See e.g.*, ECF No. 135 (order extending Plaintiff's deadline to file pretrial submissions, whilst also determining that Plaintiff failed to show cause). Plaintiff responded by filing a duplicative recusal motion that impliedly threatened not to appear for trial if the motion was not decided in his favor:

> "Lest there be any question, I do not say that I will not appear for trial on May 6, 2024 – or that I plan to appear or will appear for trial on that date. *I prefer to await Judge Geraci's ruling on my second motion for his recusal before making that decision.*"

ECF No. 136-1 at 25 (emphasis added).

After the second recusal motion was denied, which Plaintiff knew would happen, Plaintiff then promised not to appear for trial. ECF No. 139. On May 6, 2024, Plaintiff followed through with his promise. Twenty-nine prospective jurors, on the other hand, reported for service. Some of those jurors had traveled up to two hours to get to the courthouse. Others had taken time away from work or childcare and healthcare responsibilities to report for service. This Court cannot "permit a party to defy Court orders, waste Court resources, disrupt the lives of potential jurors, witnesses, and opposing counsel, and prejudice the opposing party in this manner." *Frederick*, 2018 WL 10247403, at *6 (quoting *Njema v. Wells Fargo Bank, N.A.*, No. 13-CV-519, 2016 WL 308780, at *5 (D. Minn. Jan. 25, 2016), *aff'd* 673 F. App'x 609 (8th Cir. 2017)). Plaintiff's case must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) is GRANTED. Plaintiff's Amended Complaint, ECF No.7, is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 7, 2024
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        United States District Judge
                                        Western District of New York